Cite as 2026 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-25-221

| | |
|---|---|
| COURTNEY JOHNSON | Opinion Delivered January 14, 2026 |
| APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15JV-22-66] |
| V. | |
| | HONORABLE TERRY SULLIVAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**N. MARK KLAPPENBACH, Chief Judge**

Courtney Johnson appeals the February 2025 order terminating her parental rights to her then-two-year-old daughter, MC. Johnson's attorney seeks to withdraw as counsel and has filed a no-merit appeal pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j)(1) (2024). In her brief, counsel asserts that after a conscientious review of the record, she has determined that there are no issues of arguable merit for appeal. We affirm the termination and grant counsel's motion to withdraw.

A no-merit brief must include all circuit court rulings that are adverse to the appellant on all objections, motions, and requests made at the hearing from which the appeal arose

and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9. We determine whether the appeal is wholly frivolous or whether there are any issues of arguable merit for appeal. *Willingham v. Ark. Dep't of Hum. Servs.*, 2025 Ark. App. 74, 706 S.W.3d 761.

The primary adverse ruling to Johnson was the decision to terminate her parental rights. Counsel has adequately explained why no issue of arguable merit could be raised on appeal.

We review termination-of-parental-rights cases de novo. *Robinson v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 64, 684 S.W.3d 219. Terminating parental rights requires findings proved by clear and convincing evidence (1) of one or more of statutory grounds recited in Ark. Code Ann. § 9-27-341(b)(3)(B), and (2) that termination is in the best interest of the juvenile. A circuit court's best-interest finding requires consideration of (a) the likelihood that the juvenile will be adopted if the termination petition is granted; and (b) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii). We will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Willingham*, *supra*. We give due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Id.*

The Arkansas Department of Human Services (DHS) was granted emergency custody of MC days after her birth in December 2022. Johnson was exhibiting bizarre and concerning behavior. She was seeing people who were not there. Johnson refused her

2

mental-health medications because she did not believe she needed them. She is bipolar and schizophrenic. She had experienced incarceration and hospitalization. There was already an open DHS case regarding MC's older sibling who was in foster care. Johnson had not been compliant in that case. She was kicked out of every shelter; she threatened to hurt people and kill her children because she believed God had instructed her to.

Over the next two years, and with DHS's provision of a multitude of services, Johnson would make some progress but would later refuse to take her medications, maintain employment, or accept inpatient treatment. During one psychotic episode, Johnson experienced paranoia, auditory hallucinations, and homicidal ideation. While this case was open, Johnson gave birth to another child, a boy, who was also removed from her custody. Johnson's psychologist recommended that she continue with therapy and that DHS monitor Johnson's visitation for at least another year. Essentially, Johnson was unwilling to try to maintain good mental health, and she would be unable to parent without constant supervision. An adoption specialist said there were no barriers to MC being adopted.

The circuit court found that after almost two years in this case, Johnson demonstrated incapacity or indifference to remedy her situation, and there was little likelihood of successful reunification. The circuit court found there to be "no doubt" that termination was in MC's best interest. We agree with counsel that there is no issue of arguable merit to raise as to the sufficiency of the evidence to terminate her parental rights.

Counsel identifies three additional adverse rulings or potential adverse rulings: an evidentiary ruling, the denial of a request for more time, and the rejection of her argument

that the Americans with Disabilities Act would be a barrier to terminating her rights. As counsel explains, these rulings present no issue of arguable merit on appeal. Johnson filed pro se points for reversal contending that her counsel was ineffective, that she was subjected to discrimination because of her race and mental health, that she loves her child and is doing better, and that lies were told about her. MC's attorney ad litem, DHS, and appellant's attorney assert that these issues are either not preserved for appellate review or present no issue of arguable merit. *See Meyerpeter v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 462, 699 S.W.3d 377. We agree.

Having carefully examined the record and counsel's brief, we conclude that counsel has complied with the requirements of no-merit appeals. We affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN and BROWN, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Marc D. Tave*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.